UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JEROME FORD JR.,   Case No. 25-13432

    Plaintiff,   F. Kay Behm
v.   U.S. District Judge

TRANSUNION LLC,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND DIMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

## I.    PROCEDURAL HISTORY

Plaintiff Anthony Ford Jr. filed a Complaint against Defendant Transunion on October 28, 2025, alleging violations of the Fair Credit Reporting Act (FCRA).  ECF No. 1.  Plaintiff also filed an application to proceed *in forma pauperis*, which the court finds facially sufficient.  ECF No. 2.  The court thus **GRANTS** Plaintiff's application to proceed *in forma pauperis*.  However, for the reasons set forth below, the court **DISMISSES** Plaintiff's Complaint without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## II.    ANALYSIS

1

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Id.* at 678.  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 1681i of the FCRA requires consumer reporting agencies, like Transunion, to conduct a reasonable reinvestigation of a consumer's file if the consumer disputes the "completeness or accuracy of any item of information" in the file.  15 U.S.C. § 1681i(a)(1)(A).  "If, after any reinvestigation," the information disputed by the consumer "is found to be inaccurate or incomplete or cannot be verified," the consumer reporting agency must delete or modify that item of information from the file of the consumer "based on the results of the reinvestigation" and "promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." *Id.* § 1681i(a)(5)(A)(i)-(ii).  To state the first element of a claim under § 1681e(b) (failure to adopt and implement reasonable procedures to ensure the maximum possible accuracy of the information in his report), a plaintiff may allege that a credit reporting agency reported either "patently incorrect" information about them *or* information that was

3

"misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) (citation omitted).

Plaintiff's allegations are not sufficient to state a claim on which relief could be granted. His factual allegations consist of, in full:

> Plaintiffs consumer report prepared by Defendant contains inaccurate and contradictory information relating to an Extra Credit Union auto loan . . . . The account is reported as charged off since April 2022, yet Defendant's report also shows payments made after the charge-off period, which is factually impossible and misleading. The high balance of the account is reported as $7,160 instead of $7,160.34, and the charged off balance is reported as $4,773, creating inconsistent and inaccurate data. Plaintiff filed disputes with TransUnion on July 10, 2025, August 15, 2025, and September 22, 2025, specifically identifying these errors and requesting correction or deletion. Despite receiving these disputes, Defendant verified the information as accurate and failed to correct or delete the inaccurate items. Defendant failed to provide the method of verification, name of the person verifying, or any documentation showing how the information was confirmed. As a result, Defendant continued to report false, incomplete, and unverifiable information to third parties.

ECF No. 1, PageID.1-2.

In that explanation, Plaintiff makes only two allegations of inaccurate data and/or failure to reasonably investigate: 1) that the report shows payments made on a charged-off amount, which he says is factually impossible, and 2) that the report apparently does not list the cents in reporting an account balance of $7,160 instead of $7,160.34. The court ignores the unexplained allegation that "the charged off balance is reported as $4,773" is "inconsistent" because the alleged inconsistency is not explained in any way. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 677-78.

As to the first, the identification of a debt "as being 'charged off,' does not itself resolve a consumer's debt with respect to that account or eliminate any applicable balance." *Lensendro v. TransUnion LLC*, No. 3:25-cv-128, 2025 LX 192699, at *19 (D. Conn. Apr. 14, 2025) (citing *In re Anderson*, 884 F.3d 382, 385 (2d Cir. 2018) (explaining that a debt is "charged off" when "the bank changed the outstanding debt from a receivable to a loss in its own accounting books" notwithstanding the fact "that the debt remain[s] unpaid")); *see also Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175 (CS), 2020 U.S. Dist. LEXIS 217024, 2020 WL 6809059 (S.D.N.Y. Nov. 19, 2020) ("[A] creditor charging off or

5

writing off a debt is simply an internal accounting action by which the creditor stops carrying the debt as a receivable because the chances of collecting it are so low."). Thus a consumer may, in fact, still continue to pay down a debt that has been marked as charged-off, and "consumer reporting agencies may lawfully report accurate information regarding closed accounts, discontinued lines of credit, or debts marked as charged off." *Lensendro*, 2025 LX 192699 at \*19 (collecting cases); *see also Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016) ("the FCRA allows reporting of the charge-off status for seven years"). Plaintiff's allegation that his Transunion report shows that he continued to make payments on his debt does not suffice to state a claim of either "patently incorrect" or "misleading" information.

As to the second, courts have considered the issue and pointed out that "the use of dollar amounts without decimal points plus the corresponding amounts of cents" does not suffice to "show that the information and the manner in which it is conveyed make the report 'patently incorrect or . . . misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Lensendro*, 2025 U.S. Dist. LEXIS 70354 at \*16 (applying the standard in *Mader v.*

*Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)) (further citations omitted); *see also Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) (same standard). Absent any allegations explaining specifically why the cents value is important to the case at hand, reporting the correct dollar value of an account balance is neither "patently" incorrect nor misleading in a manner that is likely to have an adverse effect on Plaintiff.

Therefore, neither of Plaintiff's two purported factual inaccuracies suffice to state a claim that the report contains "patently incorrect" information or "misleading" in a way that could be expected to have an adverse effect on him. *See* 15 U.S.C. § 1681e(b). Because he fails to prove that threshold issue, neither of the alleged inaccuracies show a failure by Transunion to conduct a reasonable investigation or a need to delete or modify any information upon that reinvestigation. §§ 1681i(a), (a)(5); *Lensendro v. TransUnion LLC*, 2025 LX 192699, at *11 ("Section 1681i does not require consumer reporting agencies, following a reinvestigation, to reach the same conclusions as the consumer, to incorporate into a consumer report information the agency has determined to be inaccurate, or to remove from a consumer report

7

information the agency has confirmed to be accurate."). Plaintiff's own Complaint states that Transunion conducted an investigation and does not explain how that reinvestigation was inadequate. ECF No. 1, PageID.2 ("Defendant verified the information as accurate"). None of his allegations, therefore, show willful or negligent noncompliance with the statute. §§ 1681n, 1681o.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim on which relief could be granted. While the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e). The court declines to grant permission to appeal *in forma pauperis*, as Plaintiff's claims are frivolous and any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

This is a final order that closes the case.

**SO ORDERED**.

Date: November 4, 2025          s/ F. Kay Behm
                                F. Kay Behm
                                United States District Judge

8